KENNETH G. PARKER (SBN 182911)
kparker@tlpfirm.com
TEUTON, LOEWY & PARKER LLP
3121 Michelson Drive, Suite 250
Irvine, California 92612
Telephone: (949) 442-7100
Facsimile: (949) 442-7105

Attorneys for PLAINTIFF
CALLAWAY GOLF COMPANY

FILED
2008 FEB -8 PM 4:53
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALLAWAY GOLF COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PINE LAKE ADVERTISING SPECIALIES, INC., a Washington corporation; JESSE SITTERUD, an individual, and DOES 1-10, inclusive<br><br>Defendants. | Case No. '08 CV 0250 BTM BLM<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT [AGAINST PINE LAKE];**<br>**(2) BREACH OF CONTRACT [AGAINST JESSE SITTERUD];**<br>**(3) ACCOUNT STATED; and**<br>**(4) OPEN BOOK ACCOUNT** |



CR

Callaway Golf Company ("Callaway Golf") hereby brings this complaint against defendants Pine Golf Advertising Specialties, Inc. ("Pine Lake"), Jesse Sitterud ("Sitterud") and Does 1-10 (collectively, the "Defendants") for the sum of $83,338.93 they owe to Callaway Golf for the sale of golf equipment and accessories to defendant Pine Lake.

## THE PARTIES

1. Callaway Golf is a corporation duly existing under the laws of the State of Delaware and headquartered in the City of Carlsbad, San Diego County, California. Callaway Golf manufactures, markets and distributes fine golf equipment and accessories throughout the world, including in the United States. Callaway Golf sells its golf equipment and accessories to businesses that, in turn, sell the products to the general public. Callaway Golf calls these businesses "retail accounts."

2. Callaway Golf is informed and believes that defendant Pine Lake is a corporation doing business in the State of Washington.

3. Callaway Golf is informed and believes that defendant Sitterud is an individual residing in the State of Washington.

4. Callaway Golf is ignorant of the true names and capacities of Defendants sued herein as Does 1-10, inclusive, and therefore sues these Defendants by such fictitious names. Callaway Golf will amend this complaint to allege their true names and capacities when ascertained.

5. Callaway Golf is informed and believes that each of the Defendants is the agent, employee, affiliate, partner or alter ego of the other and each is responsible in some manner for the unlawful conduct herein alleged.

## JURISDICTION

6. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332. Callaway Golf is informed and believes that Defendants reside in Washington, Callaway Golf resides in California, and Callaway Golf seeks to recover more than $75,000 by virtue of this action.

## VENUE

7. Venue is proper in this Court because the Defendants were obligated to perform their obligations pursuant to contract within the territorial limits of this Court, because the goods shipped to Defendants were shipped from the territorial jurisdiction of this court, because payment was due to Callaway Golf within the territorial limits of this Court, and because Defendants have agreed in writing to venue in this Court.

## FIRST CAUSE OF ACTION

### (Breach of Contract against Pine Lake)

8. Callaway Golf hereby incorporates herein and re-alleges all the allegations contained in paragraphs 1-7, inclusive.

9. Callaway Golf opened up Pine Lake as an account after Pine Lake supplied Callaway Golf with information to satisfy Callaway Golf of Pine Lake's creditworthiness. After opening Pine Lake as an account, Callaway Golf shipped golf equipment and accessories to Pine Lake and to customers of Pine Lake as Pine Lake specifically directed. Pine Lake agreed to pay for those goods. The terms of sale that were a part of each transaction between Pine Lake, on the one hand, and Callaway Golf, on the other hand, for each sale were printed on the reverse side of each invoice Callaway Golf sent to Pine Lake. A copy of the terms of each agreement for the sales material to this complaint, which substantially conforms to the terms that were a part of each invoice and which became the discrete agreement

governing each individual transaction, is attached hereto as Exhibit A and incorporated herein. Pine Lake purchased golf equipment and accessories from Callaway Golf evidenced by the summary statement attached hereto as Exhibit B. As of January 2008, Pine Lake owed Callaway Golf $83,338.93, exclusive of prejudgment interest and attorneys' fees and costs.

10. Pine Lake has not paid any amounts due under the agreements.

11. Callaway Golf has performed all of its obligations under the agreements and all other obligations to Pine Lake except for those obligations it was excused from performing.

12. As a direct and proximate result of the breach of the agreements, Callaway Golf has been damaged in the amount of $83,338.93, plus prejudgment interest, costs, and attorneys' fees pursuant to the terms of the agreements.

**SECOND CAUSE OF ACTION**

**(Breach of Contract against Sitterud)**

13. Callaway Golf hereby incorporates herein and re-alleges all the allegations contained in paragraphs 1-12, inclusive.

14. On or about January 16, 2006, Sitterud entered into a written contract with Callaway Golf by which Sitterud personally guaranteed the purchases of golf equipment by Pine Lake (the "Guaranty"). Sitterud's contract was witnessed by a third party. A true and correct copy of the Guaranty is attached hereto as Exhibit C and incorporated herein by reference.

15. Subsequent to the execution of the Guaranty, Pine Lake purchased golf equipment from Callaway Golf. As of December 2007, the net amount owing to Callaway Golf, exclusive of interests and costs, was $83,338.93. A summary of the transactions on account is attached as Exhibit B.

16. Defendant has not paid any amounts due under the Guaranty.

17. Callaway Golf has performed all of its obligations under the Guaranty and all other obligations to Sitterud except for those obligations it was excused from performing.

18. As a direct and proximate result of the breach of the Guaranty, Callaway Golf has been damaged in the amount of $83,338.93, plus prejudgment interest, costs, and attorneys' fees pursuant to the terms of the Guaranty.

**THIRD CAUSE OF ACTION**

**(Account Stated Against All Defendants)**

19. Callaway Golf hereby incorporates herein and re-alleges all the allegations contained in paragraphs 1-18, inclusive.

20. Within the past four years, at San Diego County, California, an account was stated in writing by and between Callaway Golf and Defendants, and each of the Defendants were indebted to Callaway Golf in the sum of $83,338.93.

21. No part of that sum has been paid, although Callaway Golf has demanded, or in the alternative by this Complaint demands, that it be paid. There is now due and owing the amount of $83,338.93, with interest of ten percent accruing on it since it became due.

**FOURTH CAUSE OF ACTION**

**(Open Book Account Against All Defendants)**

22. Callaway Golf hereby incorporates herein and re-alleges all the allegations contained in paragraphs 1-21, inclusive.

23. Within the last four years, at San Diego County, California, Defendants, and each of them, became indebted to Callaway Golf on an open book account for money due in the sum of $83,338.93 for goods Callaway Golf sold and delivered to Defendants, and each of them, and for which Defendants, and each of them, agreed to pay said sum.

24. Callaway Golf has made demand on Defendants for that sum or, in the alternative, by way of service of this Complaint again makes demand for payment of that sum. Defendants have not paid.

25. Accordingly, in equity and good conscience, the Defendants owe Callaway Golf the sum of 83,338.93, which is the reasonable value of the goods provided by Callaway Golf to them, plus prejudgment interest and attorneys' fees according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Callaway Golf prays for a judgment as follows:

1. Compensatory damages in an amount of at least $83,338.93 and according to proof;

2. Incidental and/or consequential damages according to proof;

3. Interest on the sum of damages awarded;

4. Reasonable attorneys' fees and costs of suit incurred; and

5. Such other and further relief as the Court deems proper.

Dated: February 7, 2008

TEUTON, LOEWY & PARKER LLP
KENNETH G. PARKER

By: ______________________
Kenneth G. Parker
Attorneys for Plaintiff
CALLAWAY GOLF COMPANY

EXHIBIT A

# NOTICE TO CUSTOMERS RE: CALLAWAY GOLF'S SALES POLICY

Customer purchases the products on this invoice with knowledge of Callaway Golf Company's Sales Policy. Specifically, Customer acknowledges that:

a) Callaway Golf reserves the right to refuse to do business with anyone for any lawful reason including, but not limited to, those who fail to pay invoices when due, sell the Company's products from unauthorized locations (including unauthorized internet locations), or violate any other policy of the Company.

b) All dealings are on an order-by-order basis. No order is accepted until product ships.

c) Callaway Golf has valuable intellectual property rights and chooses not to do business with those who infringe upon those rights, or aid, abet or assist others, directly or indirectly, in infringing upon those rights.

d) Callaway Golf chooses not to do business with those whose sales practices violate the law, deceive or are otherwise unfair trade practices. The Company chooses not to do business with those who disparage its products or fail to fully promote them.

e) Callaway Golf chooses not to do business with those that advertise specific prices for the Company's products. Pre-approved catalogs and point of purchase advertising are not included.

f) Point of purchase displays belong to Callaway Golf and must be surrendered upon request.

g) This Sales Policy applies to all of Callaway Golf's products, and Callaway Golf reserves the right to change this Sales Policy at any time.

h) Customer consents to the sole and exclusive jurisdiction of the federal and state courts in San Diego, California, for any suit, action or proceeding arising from the sale or purchase of Callaway Golf's products.

i) Callaway Golf chooses not to do business with those that resell its products for export outside the continental United States. Callaway Golf also chooses not to do business with those that sell to persons other than retail customers. **By accepting delivery of the products shown on this invoice, Customer understands that it is prohibited from selling such products for resale outside the continental United States and will not sell such products without approval from Callaway Golf to persons other than retail customers or from locations other than those to which they were shipped.**

j) **Consent to telephone monitoring: To ensure that it provides the highest level of service, Callaway Golf may monitor and record customer telephone calls. Calling Callaway Golf constitutes Customer's consent to monitoring and recording. If Customer does not want a call monitored and recorded, please inform the representative who answers the call.**

k) Credits on account will be applied in accordance with policies determined by Callaway Golf's credit department. Please contact the credit department for information about the policy or to ask any questions about how it is applied.

l) *Customer purchasing product free from sales tax and making a taxable use of product (i.e. any purpose other than retention, demonstration, or display while holding for sale in the regular course of business) is responsible for the reporting and payment of tax due direct to the proper taxing authority when state law so provides or may inform Callaway Golf of the desire for added tax billing. For example, product purchased for personal use, for use as rental club stock or drop shipped to a consumer in the state of California is considered taxable. Any questions concerning sales tax should be directed to the Callaway Golf Tax Department.*

m) Customer acknowledges and agrees that (i) Callaway Golf Company's shipping terms are F.O.B. Shipping Point and legal title and risk of loss transfers to the Customer upon delivery by Callaway Golf Company of the purchased products to the carrier, (ii) Callaway Golf Company (as Customer's agent) has obtained transit insurance on behalf of the Customer listing the Customer as an insured party, (iii) in the event of a transit loss, the Customer authorizes Callaway Golf Company (as Customer's agent) to assist in negotiating and processing any such claims with the insurance company on the Customer's behalf, and apply proceeds from

**Exhibit A**

any such claim to the Customer's accounts receivable account and (iv) the Customer is fully responsible for all amounts related to purchased products regardless of the amount of available insurance proceeds, if any.

n) Delivery refusals are subject to a 10% processing fee. All returns are at the sole discretion of Callaway Golf and are subject to its policy on returns which is incorporated herein by reference. If you want a copy, please call customer service.

o) Callaway Golf will not accept return of custom logo product unless defective in material or workmanship. In the normal course of production, Callaway Golf may produce custom logo products in excess of the quantity ordered by the Customer. Customer grants Callaway Golf the right to sell to other customers and in the Callaway Golf Company Store any excess custom logo products bearing the Customer's trademarked or copyrighted logo.

p) The Top-Flite Golf Company ("Agent") is a disclosed agent of Callaway Golf Company. Under the agency agreement now in effect, Agent does not bear right or title to finished goods held in its possession held out for sale by Callaway Golf Company or its affiliates. Agent is not the seller or shipper of record for goods listed on the invoice.

Callaway GOLF

PINE LAKE ADVERTISING
JESSE SITTERUD
2227 112TH AVE NE STE 200
BELLEVUE WA 98004

**Open Items Statement**

Date
12/18/07
Customer Account Number
47717
Fax
866-440-0894
From
Robert Richter

This is the list of open items on your Callaway Golf account as of 12/18/2007.

| Doc. Number | Original Doc. | Date | Due Date | Reference Info. | Amount |
|---|---|---|---|---|---|
| 911913558 | 911913558 | 03/23/07 | 05/22/07 | 805690964 | 1,205.58 |
| 911913559 | 911913559 | 03/23/07 | 05/22/07 | 805690974 | 1,189.29 |
| 911913560 | 911913560 | 03/23/07 | 05/22/07 | 805690980 | 1,909.69 |
| 911913562 | 911913562 | 03/23/07 | 05/22/07 | 805690985 | 973.91 |
| 911913563 | 911913563 | 03/23/07 | 05/22/07 | 805690992 | 712.40 |
| 911913564 | 911913564 | 03/23/07 | 05/22/07 | 805691766 | 1,258.44 |
| 911913565 | 911913565 | 03/23/07 | 05/22/07 | 805691774 | 605.45 |
| 911913568 | 911913568 | 03/23/07 | 05/22/07 | 805692605 | 1,282.81 |
| 911913570 | 911913570 | 03/23/07 | 05/22/07 | 805692656 | 1,206.17 |
| 911913571 | 911913571 | 03/23/07 | 05/22/07 | 805692679 | 1,900.88 |
| 911913572 | 911913572 | 03/23/07 | 05/22/07 | 805692681 | 1,189.85 |
| 911913573 | 911913573 | 03/23/07 | 05/22/07 | 805692803 | 239.32 |
| 911913575 | 911913575 | 03/23/07 | 05/22/07 | 805693778 | 1,187.45 |
| 911932073 | 911932073 | 03/26/07 | 05/25/07 | 805693780 | 1,658.02 |
| 911932074 | 911932074 | 03/26/07 | 05/25/07 | 805693782 | 1,204.97 |
| 911932075 | 911932075 | 03/26/07 | 05/25/07 | 805700865 | 1,947.82 |
| 911932076 | 911932076 | 03/26/07 | 05/25/07 | 805700873 | 2,394.85 |
| 911932077 | 911932077 | 03/26/07 | 05/25/07 | 805704904 | 2,434.70 |
| 911932078 | 911932078 | 03/26/07 | 05/25/07 | 805705352 | 2,434.70 |
| 911932079 | 911932079 | 03/26/07 | 05/25/07 | 805705729 | 2,363.10 |
| 911951075 | 911951075 | 03/27/07 | 05/26/07 | 805717754 | 3,610.37 |
| 911951076 | 911951076 | 03/27/07 | 05/26/07 | 805717789 | 3,651.53 |
| 911951077 | 911951077 | 03/27/07 | 05/26/07 | 805719220 | 4,714.25 |
| 911979121 | 911979121 | 03/29/07 | 05/28/07 | 805631553 | 350.80 |

**Exhibit B**

PINE LAKE ADVERTISING
2227 112TH AVE NE STE 200
BELLEVUE WA 98004

Date
12/18/07

Page
2

| Doc. Number | Original Doc. | Date | Due Date | Reference Info. | Amount |
|---|---|---|---|---|---|
| 911979122 | 911979122 | 03/29/07 | 05/28/07 | 805629742 | 701.60 |
| 911979123 | 911979123 | 03/29/07 | 05/28/07 | 805629679 | 1,052.40 |
| 911979124 | 911979124 | 03/29/07 | 05/28/07 | 805629727 | 701.60 |
| 911979125 | 911979125 | 03/29/07 | 05/28/07 | 805629755 | 701.60 |
| 911979126 | 911979126 | 03/29/07 | 05/28/07 | 805636225 | 350.80 |
| 912366948 | 912366948 | 05/01/07 | 06/30/07 | 805969180 | 3,240.00 |
| 912366951 | 912366951 | 05/01/07 | 06/30/07 | 805969182 | 810.00 |
| 912366952 | 912366952 | 05/01/07 | 06/30/07 | 805969183 | 1,620.00 |
| 912366953 | 912366953 | 05/01/07 | 06/30/07 | 805969184 | 1,215.00 |
| 912366954 | 912366954 | 05/01/07 | 06/30/07 | 805969185 | 1,215.00 |
| 912366956 | 912366956 | 05/01/07 | 06/30/07 | 805969186 | 1,620.00 |
| 912366959 | 912366959 | 05/01/07 | 06/30/07 | 805969189 | 648.00 |
| 912366961 | 912366961 | 05/01/07 | 06/30/07 | 805969190 | 972.00 |
| 912366963 | 912366963 | 05/01/07 | 06/30/07 | 805969191 | 486.00 |
| 912366964 | 912366964 | 05/01/07 | 06/30/07 | 805969192 | 162.00 |
| 912366966 | 912366966 | 05/01/07 | 06/30/07 | 805969198 | 810.00 |
| 912366968 | 912366968 | 05/01/07 | 06/30/07 | 805969199 | 810.00 |
| 912366969 | 912366969 | 05/01/07 | 06/30/07 | 805969201 | 810.00 |
| 912366970 | 912366970 | 05/01/07 | 06/30/07 | 805969202 | 810.00 |
| 912366971 | 912366971 | 05/01/07 | 06/30/07 | 805969203 | 810.00 |
| 912366972 | 912366972 | 05/01/07 | 06/30/07 | 805969208 | 1,659.40 |
| 912366973 | 912366973 | 05/01/07 | 06/30/07 | 805969210 | 648.00 |
| 912381239 | 912381239 | 05/02/07 | 07/01/07 | 805969187 | 2,350.79 |
| 912381240 | 912381240 | 05/02/07 | 07/01/07 | 805969193 | 2,035.62 |
| 912381242 | 912381242 | 05/02/07 | 07/01/07 | 805969194 | 1,242.49 |
| 912381244 | 912381244 | 05/02/07 | 07/01/07 | 805969197 | 1,573.38 |
| 912381245 | 912381245 | 05/02/07 | 07/01/07 | 805969205 | 1,356.85 |
| 912381246 | 912381246 | 05/02/07 | 07/01/07 | 805969206 | 1,655.25 |
| 912381247 | 912381247 | 05/02/07 | 07/01/07 | 805969207 | 2,469.22 |
| 912419190 | 912419190 | 05/07/07 | 07/06/07 | 805969200 | 1,654.86 |
| 912419191 | 912419191 | 05/07/07 | 07/06/07 | 805969204 | 2,151.50 |
| 912434868 | 912434868 | 05/08/07 | 07/07/07 | 805969196 | 1,620.00 |
| 912449862 | 912449862 | 05/09/07 | 07/08/07 | 805969209 | 1,639.22 |
| 100311993 | 912366950 | 12/18/07 | 06/30/07 | 805969209 | 110.00 |

**Sum Total:** 83,338.93

EXHIBIT C

47717

# PERSONAL GUARANTY

**Note: Must be completed if "Type of Business" is a Corporation or a Limited Liability Company.**

FOR VALUE RECEIVED FROM CALLAWAY GOLF COMPANY, (hereinafter designated as "Sellers") with principal office at 2285 Rutherford Road, Carlsbad, California 92008-8815 and as inducement to Sellers to sell and deliver goods wares and merchandise to Pine Lake Advertising (Business Name) located at 1420 NW Gilman Blvd Ste 2-2551 (Business Street Address) of the city of Issaquah (City) and the state of WA (State) (hereinafter designated as 'Purchaser's) the undersigned Jesse Sitterud (Name of Guarantor) Located at 541 Wilderness PK Dr NW (Guarantor's Street Address) of the city of Issaquah (City) and the state of WA (State) (hereinafter designated as "Guarantor") hereby guarantee(s) prompt and punctual payment to Sellers and the Seller's subsidiaries and affiliated companies (collectively "Sellers") of any account now owing from Purchaser and for all goods, wares and merchandise hereafter sold and delivered by Sellers to Purchaser. The records of Sellers shall be conclusive with respect to amounts, times and places of delivery of any and all merchandise, and the balance due and owing to Sellers by said Purchaser.

The undersigned expressly waives notice of acceptance of this guarantee, of diligence of presentment, of protest, of notice of nonpayment, of default, and of demand for performance, and specially consents to all extensions of time, renewals, modifications, increases, withdrawals or exchanges of security or advances which may from time to time given to the Sellers by the Purchasers, and the undersigned further agrees that no such extension, renewal or any other relief or action of any type or inaction by the Purchasers as to the Sellers will relieve the undersigned of any liability hereunder. In addition to the amount above mentioned, the Guarantor hereby agrees to pay to Sellers all costs and expenses, including reasonable attorney's fees, which it may incur in attempting to collect from the Purchaser or in the enforcement of this guaranty.

Upon default of the Purchasers, or any of them, the Sellers may, at their option, proceed directly and at once without proceeding against the Purchasers or any other persons, or foreclosing upon, selling, or otherwise disposing of or collecting or applying any property, real or personal, securing said purchases or any renewals or extension thereof. The undersigned hereby waives the right to require the Sellers to proceed against the Purchasers or to pursue any other remedy, waives the right to have the property of the Purchasers first applied to the discharge of the indebtedness guaranteed hereby, and waives the pleading of any statue of limitations as a defense to the obligations hereunder to the full extent permissible by law.

As Guarantor, the undersigned consents to personal jurisdiction and venue in the Superior Court of the State of California, County of San Diego, and the United States District court for the Southern District of California. The Guarantor also agrees that this obligation hereby incurred includes my heirs, assigns and successors, executors and administrators.

All of the terms and conditions of this guaranty shall inure to the benefit of the Sellers and Guarantor and their respective heirs, executors, successors, and assigns.

IN WITNESS WHEREOF the Guarantor has hereunto set his hand at Issaquah (City) WA (State) this 11th (Day) day of Jan. (Month) 20 06 (Year)

Guarantor [signature] (Guarantor's Signature) Witness [signature] (Witness Signature)

Name Jesse Sitterud (Print Name of Guarantor) Courtney Frye (Print Name of witness)

SSN ______ (Social Security Number)

Address 541 Wilderness PK Dr NW (Street Address of Guarantor) Issaquah (City) WA (State) 98027 (Zip)

Address 25123 Roberts Dr (Street Address of Witness) Black Diamond (City) WA (State) 98010 (Zip)

Exhibit C

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

FILED

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

2008 FEB -8 PM 4: 58

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

## I. (a) PLAINTIFFS

CALLAWAY GOLF COMPANY

(b) County of Residence of First Listed Plaintiff SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Teuton, Loewy & Parker, 3121 Michelson Dr. #250, Irvine, CA 92612; (949) 442-7100

## DEFENDANTS

PINE LAKE ADVERTISING SPECIALTIES, INC.; JESSE SITTERUD

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'08 CV 0250 BTM BLM

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. §1332

Brief description of cause:
Breach of Contract; Account Stated; Open Book Account

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE
02/08/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 147430 AMOUNT $350 - 2/8/08 BH APPLYING IFP JUDGE MAG. JUDGE

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 147430 - BH

February 08, 2008
15:53:21

Civ Fil Non-Pris
USAO #.: 08CV0250 CIVIL FILING
Judge..: BARRY T MOSKOWITZ
Amount.: $350.00 CK
Check#.: BC# 10250

Total-> $350.00

FROM: CALLAWAY GOLF V. PINE LAKE
ADVERTISING
CIVIL FILING